FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-00882-BNB

BRO. EDWARD J. X. (FORD), JR., and other B.O.P. Prisoners,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN, Director,
SARA REVELL, Warden, U.S.P. Florence,
MICHAEL MERRILL, Head Chaplain,
PAUL SCHOFIELD, Food Service Administrator, and
PAULA LIVINGGOOD, Food Service Assistant Administrator,

    Defendants.

---

## ORDER

---

Plaintiff is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary at Florence, Colorado. Plaintiff initiated this action by filing *pro se* a document titled "Plaintiff's Request for an Emergency Hearing for a Preliminary Injunction and/or Temporary Restraining Order." On April 29, 2008, Plaintiff was ordered to file a complaint and either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On July 3, 2008, Plaintiff filed a "Prisoner Complaint," a motion seeking leave to proceed *in forma pauperis*, "Plaintiff's Supplemental motion for an Emergency Preliminary Injunction and/or a Temporary Restraining Order Pursuant to FRCP 65(b)," and a "Memorandum of Points and Authorities in Support of Plaintiff's Motion for Temporary Restraining Order."

The Court must construe the motions for a preliminary injunction or temporary restraining order liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions for a preliminary injunction or temporary restraining order will be denied.

Plaintiff complains in the instant action that his rights under the United States Constitution have been violated as a result of a change in the religious diet program that was implemented on March 4, 2008. Plaintiff alleges that, as a result of the new religious diet program, he is "being forced to live off of just three (3) slices of bread, four stabs [sic] of butter, and a single peice [sic] of fruit for [the] noon and evening meals." (Prisoner Compl. at 5.)

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Plaintiff fails to demonstrate that he will suffer immediate and irreparable injury if no preliminary injunction or temporary restraining order is entered in this action.

Therefore, the motions for a preliminary injunction or temporary restraining order will be denied. Accordingly, it is

ORDERED that "Plaintiff's Request for an Emergency Hearing for a Preliminary Injunction and/or Temporary Restraining Order" filed on April 29, 2008, is denied. It is

FURTHER ORDERED that "Plaintiff's Supplemental motion for an Emergency Preliminary Injunction and/or a Temporary Restraining Order Pursuant to FRCP 65(b)" filed on July 3, 2008, is denied.

DATED at Denver, Colorado, this 17 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00882-BNB

Bro. Edward J.X. (Ford), Jr.
Reg. No. 10883-083
USP - Florence
PO Box 7000 - Unit #122L
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/17/08

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk