IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00882-LTB-BNB

BRO. EDWARD J.X. (FORD), JR.,

Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
HARLEY LAPIN, Director,
SARA REVELL, Warden, U.S.P. Florrence,
MICHAEL MERRILL, Head Chaplain,
PAUL SCHOFIELD, Food Service Administrator, and
PAULA LIVINGGOOD, Food Service Assistant Administrator,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6)** [Doc. #52, filed 12/30/2008] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED IN PART and DENIED IN PART.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is currently incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary in Florence, Colorado. He filed his Amended Prisoner Complaint (the "Complaint") on December 15, 2008 [Doc. #51]. The Complaint alleges that the plaintiff is a member of the Nation of Islam; he is required to maintain a strict vegetarian diet; prison officials implemented a new religious diet program in March 2008; and as a result of the new program, the plaintiff is being denied nutritionally adequate meals consistent with his religious beliefs.

The Complaint asserts four claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The claims are prolix and redundant. Claims One, Two, and Three can be distilled into one claim: the defendants violated the plaintiff's First Amendment rights, the Religious Freedom Restoration Act ("RFRA"); and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") when they failed to provide the plaintiff with a proper religious diet.[1] *Complaint*, pp. 4, 7-18. Claim Four[2] alleges that the defendants violated

[1]The defendants have characterized the plaintiff's claims differently. *Motion*, pp. 2-3. However, I do not find support in the Complaint for the defendants' division of the plaintiff's claims into separate causes of action against particular defendants.

[2]The Complaint contains two claims that are labeled "Claim Three." Id. at pp. 17, 19. I construe the second "Claim Three" as the plaintiff's fourth claim for relief.

2

the plaintiff's equal protection rights because they are providing proper religious diets to inmates of other religions.  Id. at pp. 19-20.  The plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.  Id. at pp. 23-24.

The defendants' Motion is made on behalf of defendants Lappin, Revell, Merrill, Scofield, and Livinggood, in their individual capacities.  They move to dismiss the constitutional claims against them.  *Motion*, pp. 2-3.

### III.   ANALYSIS

#### A.   Personal Jurisdiction Over Defendant Lappin

The defendants assert that the court lacks personal jurisdiction over defendant Harley Lappin,  Director of the BOP.   Lappin resides in Washington, D.C.

It is the plaintiff's burden to make a prima facie showing of personal jurisdiction. Wenz v. Memery Crystal, 55 F.3d 5503, 1505 (10th Cir. 1995).  In a federal question case, as here, the proper analysis to determine personal jurisdiction has been summarized by the Tenth Circuit Court of Appeals as follows:

> Before a federal court can assert personal jurisdiction over a
> defendant in a federal question case, the court must determine (1)
> whether the applicable statute potentially confers jurisdiction by
> authorizing service of process on the defendant and (2) whether the
> exercise of jurisdiction comports with due process.

Peay v. Bellsouth Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations omitted).

In this case, the plaintiff is suing defendant Lappin pursuant to Bivens , RFRA, and RLUIPA.  There is no federal statute which potentially confers jurisdiction by authorizing service of process on defendant Lappin.  See McChan v. Perry, 229 F.3d 1164, 2000 WL

3

1234844 (10th Cir. 2000) (holding that section 1983 does not provide for nationwide service of process);

42 U.S. C. §§2000cc-1 et seq.; 42 U.S.C. §§ 2000bb-1 et seq.

When federal legislation does not provide for nationwide service of process, the defendant must be shown to be amenable to service of process under the laws of the state where the district court sits.  Under Colorado law, personal jurisdiction exists only if the requirements of both the state long-arm statute, section 13-1-124, C.R.S., and due process of law have been satisfied.  Doe v. National Medical Servs., 748 F. Supp. 793, 795 (D. Colo. 1990); D & D Fuller CATV Constr., Inc. v. Pace, 780 P.2d 520, 523 (Colo. 1989).  The Colorado long-arm statute confers jurisdiction to the fullest extent consistent with due process of law.  Waterval v. District Court, 620 P.2d 5, 8 (Colo. 1980), cert. denied, 452 U.S. 960 (1981).  Consequently, because the long-arm statute imposes no greater limitations than federal due process, I proceed directly to the constitutional analysis.  See OMI Holdings, 149 F.3d at 1090, ) citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op., 17 F.3d 1302, 1305 (10th Cir. 1994)).

In federal question cases, the personal jurisdiction requirements flow from the due process clause of the Fifth Amendment, Peay, 205 F.3d at 1211, which are the same as those in a Fourteenth Amendment analysis.  Id.  The focus is on protecting an individual's liberty interest in not being subject to "the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quotations and citation omitted).  Due process requires that a defendant have "fair notice that [his] activities will render [him] liable to suit in a particular forum."  Peay, 205 F.3d at 1211.

To satisfy due process, minimum contacts must exist between the defendant and the forum state.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).  The

4

minimum contacts requirement may be satisfied by a showing of either general jurisdiction or specific jurisdiction.  Where general jurisdiction is asserted over a non-resident defendant who has not consented to suit in the forum, minimum contacts exist if the plaintiff demonstrates the defendant's "continuous and systematic general business contacts" in the state.  OMI Holdings, 149 F.3d at 1091.  Specific jurisdiction is present where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.  Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1298 (10th Cir. 1999).  If it is established that a defendant's actions created sufficient minimum contacts, the court still must consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice."  Burger King, 471 U.S. at 476 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  This inquiry requires a determination of whether the exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case.  Id.

The Complaint contains only two allegations regarding Lappin: (1) a minister of the Nation of Islam wrote Lappin a letter informing him that members of the Nation of Islam were strict vegetarians and could not consume processed foods, *Complaint*, ¶ 16, and (2) "[a]fter having been informed by letter of the adverse conditions that his new religious diet had created for members of the N.O.I. defendant Lappin did absolutely nothing to improve this situation." Id. at ¶ 21.  In his response to the defendants' Motion, the plaintiff adds that personal jurisdiction is proper because the new religious diet program is the result of a directive signed by Lappin. *Plaintiff's Reply to Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6)* [Doc. #57] (the "Response"), pp. 3, 4-5.  The plaintiff's assertions, without more, are not sufficient to show that Lappin is

subject to personal jurisdiction in Colorado.  Stafford v. Briggs, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity); Hill v. Pugh, 75 Fed.Appx. 715, 2003 WL 22100960 at *3 (10th Cir. Sept. 11, 2003) (stating that "[i]t is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state.")

As a result, the plaintiff has failed to meet his burden to make a prima facie showing of personal jurisdiction.  See Wenz, 55 F.3d at 1505.  The defendants' Motion to Dismiss should be granted for lack of personal jurisdiction insofar as it seeks dismissal of defendant Lappin in his individual capacity.

### B.   Personal Participation

The defendants argue that the Complaint does not assert a plausible Bivens claim against the individual defendants because the plaintiff fails to allege their personal participation. *Motion*, p. 7.

"[A] Bivens claim can be brought only against federal officials in their individual capacities."  Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009).  An individual cannot be held liable in a Bivens action unless he caused or participated in an alleged constitutional violation; respondeat superior is not within the purview of Bivens liability.  Kite v. Kelly, 546 F.2d 334, 337 (10th Cir.1976).  "[B]efore a superior may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivations of which complaint is made."  Id.

The complaint contains the following allegations regarding defendants Schofield and Livinggood:[3]

> On March 12, 2008, or thereabout Plaintiff had the occasion to speak with the defendants Schofield and Livinggood regarding the issues at the center of this action. This New Pilot Processed Food religious diet expressing his genuine concerns, all to no avail. Without any doubt or contradiction these two defendants were unsympathetic and stated in no uncertain terms their personal elation over this new religious, as it would make participants to remove themselves from the diet program. Because as they stated that in their opinions there were too many prisoners on the religious diet, and that without hesitation they were going to implement it. Plaintiff then proceeded to make them aware of the Tenth (this) Circuit's interpretation of the First Amendment as it pertains to the religious diets of prisoners in such rulings in <u>Beerheide v. Suthers</u>, 296 F.3d 1179 (10th Cir. 2002).

*Complaint*, p. 11, ¶ 13.

The plaintiff alleges the following against defendant Merrill:

> On April 6, 2008, Plaintiff verbally informed defendant Merrill that 1) the members of the N.O.I. (members) were strict vegetarians; 2) could not consume food that had been processed; and 3) this circuit's ruling in <u>Beerhiede</u> case.

<u>Id.</u> at p. 11, ¶ 15. He also states that "Defendant Merrill as the head Chaplain has direct supervision of the religious diet program, while the No Flesh Option is non-religious and does not meet the requirements of being either Kosher of halal." <u>Id.</u> at p. 12, ¶ 17.

As to defendant Revell, the plaintiff states that "[o]n March 5, 2008, Plaintiff wrote a letter of complaint to defendant Revell informing her of the following: 1) members of the N.O.I. are strict vegetarians; 20 were prohibited from consuming processed foods; and 3) the Tenth Circuit's ruling in <u>Beerhiede</u>." <u>Id.</u> at p. 11, ¶ 14. Revell responded:

---

[3]The plaintiff's allegations are quoted verbatim without any attempt to identify or correct errors.

> A review of this matter reveals the current Certified Religious Diet
> Program is a well-balanced diet developed and piloted to provide
> the full daily nutritional requirements for an adult male as outlined
> by the USDA.  The Bureau of Prisons offers three menu selections
> to meet a variety of diet requirements, including the no-flesh
> consumer.  In addition, vegetables are provided at the cold salad
> bar regularly for those inmates wishing to self-select.  The
> Certified Religious Diet Program is designed for a variety of
> religious needs.  Therefore, your request to return to the previous
> Certified Religious Diet menu is denied.

*Plaintiff's Request for an Emergency Hearing for a Preliminary Injunction and/or Temporary Restraining Order* [Doc. #2], Ex. B, p. 3.

The plaintiff states:

> Defendant Revell in her response to Plaintiff's letter of complaint
> advising him that he could remove himself from the religious diet
> program and eat from the non-religious No Flesh Option line.  As
> already has been stated this serving line is considered un-Kosher to
> a practicing Jew and hanam (prohibited) to a truly devoted and
> sincere Muslim; be it an orthodox or N.O.I. member.

Id. at p. 9, ¶ 10.

The plaintiff asserts that "[a]ny one of these defendants could have provided Plaintiff with the religious diet that he was requesting."  Id. at p. 12, ¶ 17.  These allegations are sufficient to allege that defendants Schofield, Livinggood, Merrill, and Revell personally participated in the alleged constitutional deprivations.  The Motion should be DENIED insofar as it seeks dismissal of the claims against defendants Schofield, Livinggood, Merrill, and Revell in their individual capacities for lack of personal participation.

## C.  Qualified Immunity

The defendants assert that they are entitled to qualified immunity.  When analyzing the issue of qualified immunity, the court must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right.  If the plaintiff has asserted such a

violation, the court inquires whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).

The defendants' entire argument consists of the following conclusory allegations: "Plaintiff has failed to allege plausible facts to support a constitutional violation against these individual Defendants in the Amended Complaint.  The facts that Plaintiff has alleged do not rise to the level of a constitutional violation committed by these individual Defendants." *Motion*, p. 11.  The defendants do not provide any substantive discussion regarding the plaintiff's equal rights claim or his First Amendment claim.  I decline to fashion the defendants' arguments for them.

## IV.   CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of defendant Lappin in his individual capacity and DENIED in all other respects.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 26, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge