**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.   08-cv-00882-LTB-BNB

BRO. EDWARD J.X. (FORD), JR.,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
HARLEY LAPIN, Director,
SARA REVELL, Warden, U.S.P. Florrence,
MICHAEL MERRILL, Head Chaplain,
PAUL SCHOFIELD, Food Service Administrator, and
PAULA LIVINGGOOD, Food Service Assistant Administrator,

    Defendants.

---

**ORDER**

---

    This matter is before me on the Recommendation of the Magistrate Judge issued and served on August 26, 2009 (Doc 63) that Defendants' Partial Motion to Dismiss (Doc 52) be granted in part and denied in part.  Specifically, the Magistrate Judge recommends that the motion be granted insofar as it seeks dismissal of Defendant Lapin in his individual capacity and denied in all other respects.  Plaintiff has failed to file specific written objections to the recommendation and is therefore barred from *de novo* review.  Defendants Revell, Merrill, Schofield, and Livinggood have filed timely written objections to the Magistrate Judge's recommendation.

    Specifically, these Defendants assert that Plaintiff's complaint fails to adequately allege personal participation with respect to the religious diet to which Plaintiff claims he is

entitled. I have reviewed the recommendation *de novo* in light of the file and record in this case. Although the question is a close one, I nevertheless conclude that the recommendation is correct.

Paragraphs 13, 15, and 10 construed liberally in Plaintiff's favor reflect that each objecting Defendant as placed on notice of Plaintiff's dietary entitlement to claims. The question is close because Plaintiff alleges at paragraph 17 of his complaint that "any one of these defendants could have provided plaintiff with the religious diet that he was requesting." I can infer from the allegations of the complaint plausibly how these Defendants could have provided Plaintiff with the diet he requests. Accordingly

IT IS ORDERED that the Motion to Dismiss (Doc 52) is GRANTED insofar as it seeks dismissal of Defendant Lapin in his individual capacity and is DENIED in all other respects.

BY THE COURT:

  s/Lewis T. Babcock        
Lewis T. Babcock, Judge

DATED:   September 16, 2009