IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00882-LTB-BNB

BRO. EDWARD J.X. (FORD), JR.,

Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
HARLEY LAPIN, Director,
SARA REVELL, Warden, U.S.P. Florrence,
MICHAEL MERRILL, Head Chaplain,
PAUL SCHOFIELD, Food Service Administrator, and
PAULA LIVINGGOOD, Food Service Assistant Administrator,

Defendants.

_____

**ORDER**
_____

This matter is before me on **Plaintiff's Second Amended Complaint**, tendered on March 24, 2010 [Doc. #71] (the "Proposed Complaint"). For the following reasons, the plaintiff's attempt to amend his Complaint is DENIED WITHOUT PREJUDICE, and the Proposed Complaint is not accepted for filing.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on December 15, 2008 [Doc. #51]. The defendants served a motion under Rule 12(b) on December 30, 2008 [Doc. #52]. Therefore, the plaintiff may not amend his Complaint as a matter of course; he must either obtain consent from the defendants or file a motion seeking leave of court. The defendants do not oppose the amendment [Doc. #72, n. 2]. However, because the Proposed Complaint suffers many deficiencies, it will not be accepted for filing.

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The Proposed Complaint consists of 40 typewritten pages which contain 97 paragraphs of allegations. The plaintiff asserts 7 claims for relief against 12 defendants. The claims are prolix

and redundant. Claims One, Two, and Four do not contain any allegations against any specific defendant(s). Claims Five, Six, and Seven include allegations against a "defendant Cundiff," but Cundiff is not listed as a defendant in the Caption of the Proposed Complaint. The Caption lists Charles Daniels as a defendant, but there are no allegations against Daniels in the body of the Proposed Complaint.

The Proposed Complaint does not contain a section listing the parties and their names, titles, and addresses. Indeed, the Proposed Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

The named plaintiffs are "Bro. Edward J. X (ford), and Other Similarly Situated Prisoner." The plaintiff does not have standing to assert claims on behalf of other inmates. Swoboda v. Dubach, 992 F.2d 286, 289-90 (10th Cir. 1993).

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Proposed Complaint is full of conclusory allegations, argument, and citations to case law, but it is short on facts. The Proposed Complaint utterly fails to comply with Rule 8. Accordingly,

IT IS ORDERED that the plaintiff's attempt to amend his Complaint is DENIED WITHOUT PREJUDICE, and the Proposed Complaint is not accepted for filing.

IT IS FURTHER ORDERED that any further attempts to amend the Complaint shall comply with Rule 8 and with this order. Any proposed amended complaint shall be submitted on the court's form. The claims may not be asserted on behalf of unnamed plaintiffs, and all named

plaintiffs must sign the proposed amended complaint. The defendants' names shall be clearly stated in the caption of the amended complaint. The defendants' names and addresses shall be clearly stated in the section entitled "Parties." The background statement shall clearly and briefly summarize the plaintiff's case. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief against the defendant(s). Each claim shall not exceed two typewritten pages, double-spaced.

Dated April 8, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge