IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00882-LTB-BNB

BRO. EDWARD J.X. (FORD), JR.,

Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
HARLEY LAPIN, Director,
SARA REVELL, Warden, U.S.P. Florrence,
MICHAEL MERRILL, Head Chaplain,
PAUL SCHOFIELD, Food Service Administrator, and
PAULA LIVINGGOOD, Food Service Assistant Administrator,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Motion to Strike Docket Number 120 and Motion for Order that Briefing on Dispositive Motions is Closed** [Doc. #122, filed 04/21/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

On May 6, 2010, I entered a Scheduling Order setting several deadlines including a dispositive motion deadline of December 6, 2010 [Doc. #87]. The defendants sought and received an extension of the deadline to and including January 5, 2011 [Docs. #99 and #100]. The defendants filed a motion for summary judgment on January 5, 2011 [Doc. #102]. The plaintiff sought and received an extension of time to respond to the motion until April 7, 2011, due to his transfer to another institution [Docs. #105 and #107], and he filed a response to the summary judgment motion on April 4, 2011 [Doc. #111]. The defendants filed their reply in

support of the summary judgment motion on March 28, 2011 [Doc. #116].

On April 18, 2011, the plaintiff filed "Plaintiff's Motion for Summary Judgment" [Doc. #120]. The defendants seek an order striking the plaintiff's motion as untimely. The plaintiff concedes that the motion is late. He seeks leave to file the motion out of time on several bases. *Plaintiff's Omnibus Motion in Response to Docket Numbers . . . .* [Doc. #131] (the "Response"). p. 6.[1]

When an enlargement of time is sought after expiration of a specified deadline, the movant must show that "the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). The Tenth Circuit has stated:

> [t]o determine whether the neglect is excusable, the court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Stringfellow v. Brown, 105 F.3d 670, 1997 WL 8856, *1 (10th Cir. Jan.10, 1997) (internal quotations and citation omitted).

The movant's "control over the circumstances is the most important single factor in determining whether neglect is excusable." Id. (internal quotations and citation omitted). A finding of excusable neglect "requires both a demonstration of good faith by [movant] and it must also appear that there was a reasonable basis for not complying with the specified period." Id. at *2 (internal quotations and citation omitted).

The plaintiff states that he "simply did not know that said motion was required to be filed

---

[1] I refer to the page numbers of the Response as they are assigned by the court's docketing system.

within a certain time frame." *Response*, p. 6.  This statement is incredible.  The plaintiff was present by telephone on May 6, 2010, when the dispositive motion deadline was set [Docs. #86 and #87].  Moreover, he was served with a copy of the defendants' motion for an extension of time to file their dispositive motion [Doc. #99].  The motion for extension of time clearly states that the dispositive motion deadline is December 6, 2010.

The plaintiff also states that he was transferred to another facility; received his legal materials "late"; was subjected to continuous lock-down and "constant inaccess to the prison law library"; and is unskilled in the law.  The plaintiff does not provide any dates regarding when he was transferred or when he did not have access to his legal materials.  Nor does he explain why he could not have sought an extension of time to file a dispositive motion--relief he has sought on numerous ocassions throughout the three-year course of this action.

Although the prejudice to the defendants and the length of delay are not substantial, the plaintiff does not provide any reasonable excuse for the delay, and there is no basis upon which to find that the plaintiff acted in good faith.  The plaintiff has failed to show excusable neglect for his belated request to extend the dispositive motion deadline.

I respectfully RECOMMEND that the Defendants' Motion to Strike Docket Number 120 and Motion for Order that Briefing on Dispositive Motions is Closed [Doc. #122] be GRANTED and that the Plaintiff's Motion for Summary Judgment [Doc. #120] be STRICKEN.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 24, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge